[Cite as *S.K. v. P.K.*, 2026-Ohio-1048.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| S.K., | : | |
| Plaintiff-Appellant, | : | No. 115392 |
| v. | : | |
| P.K., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** March 26, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-23-396537

*Appearances:*

Thurman Baron, LLC, Adam J. Thurman, and Erik B.
Quattro, *for appellant.*

Kvale Antonelli & Raj and Manav H. Raj, *for appellee.*

SEAN C. GALLAGHER, J.:

{¶ 1} S.K. appeals the trial court's decision denying her motion for protective order, which sought to prevent P.K. from reviewing her medical records,

which were in the possession of, and reviewed by, S.K.'s retained expert. For the following reasons, we affirm in part, reverse in part, and remand.

{¶ 2} In light of the interlocutory nature of this appeal, our recitation of the underlying facts is unnecessary. In this divorce proceeding, S.K. retained an expert to review her medical records, which she concedes are relevant to the question of spousal support. P.K., through his attorney, issued a subpoena to that expert to obtain

> [a]ny and all documents, records (medical or otherwise), recordings, videos, tests, laboratory results, or information utilized or reviewed by yourself in the preparation and completion of your professional medical opinion report relative to [S.K.] dated May 8, 2025.

Although narrowly tailored to only obtain the medical records for which S.K. waived her privilege by producing them to her retained expert, S.K. filed a motion for a protective order. The primary focus of that motion was S.K.'s "substantial concerns about the disclosure of her medical records and private health information directly to [P.K.], who is employed by University Hospitals as Deputy General Counsel, the hospital system in which Plaintiff has received most, if not all, of her medical care." S.K. sought an order

> preventing the disclosure of [her] private health information and medical records to any individual other than counsel for the parties, or any experts or professionals retained by counsel in preparation of trial, and for an order specifically preventing the disclosure of Plaintiff's private health information and medical records to [P.K.].

P.K. generally objected to the request, focusing on the relevance of the information requested and the waiver of privilege based on the records being submitted to S.K.'s retained expert in the underlying litigation. P.K. does not appear to object to a

preclusion against disseminating the medical records to third parties unrelated to the litigation.

{¶ 3} The trial court denied the motion for protective order and compelled the expert to produce the requested records. This appeal followed in which S.K. asserts a single assignment of error claiming the trial court abused its discretion by denying the motion for protective order, which would preclude the defendant from reviewing the relevant evidence pertinent to S.K.'s claims.[1]

{¶ 4} The decision denying a motion for protective order is reviewed for an abuse of discretion. *Clinical Technology, Inc. v. NeuroTherm, Inc.*, 2013-Ohio-3739, ¶ 4 (8th Dist.), citing *Scanlon v. Scanlon*, 2013-Ohio-2694, ¶ 24 (8th Dist.). "A trial court abuses its discretion when it exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority." *Palmieri v. Palmieri*, 2024-Ohio-2720, ¶ 13 (10th Dist.), citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. If the discovery issue involves a recognized privilege, "the appropriate standard of review is determined by whether the asserted privilege raises a question of law or fact." *12312 Mayfield Rd. LLC v. High & Low Little Italy, LLC*, 2024-Ohio-2717, ¶ 11 (8th Dist.), citing *Randall v. Cantwell Mach. Co.*, 2013-Ohio-2744, ¶ 9 (10th Dist.), and *MA Equip. Leasing I, L.L.C. v. Tilton*, 2012-Ohio-

---

[1] Although P.K. discusses the jurisdictional question regarding whether a final appealable order exists, it has been concluded that the denial of a protective order and the compelling production of privileged material satisfies the jurisdictional question because it both grants a provisional remedy and no timely appeal would remedy the disclosure. *Razick v. Tayeh*, 2023-Ohio-3063, ¶ 11 (8th Dist.).

4668, ¶ 13 (10th Dist.). The determination of whether the privilege applies requires a de novo review, but any factual questions fall under the abuse-of-discretion standard. *Id.*, citing *State v. Kelley*, 2024-Ohio-157, ¶ 31 (8th Dist.), and *Randall*.

{¶ 5} Because S.K. concedes that she waived the physician-patient privilege with respect to the medical records produced to her expert for the purposes of the underlying litigation, there is little dispute as to the discoverability of those specific records. *See* R.C. 2317.02(B)(1)(a)(i), (iii) (physician-patient privilege is waived by the consent of the patient or through the filing of a claim by the patient); *Friedenberg v. Friedenberg*, 2020-Ohio-3345, ¶ 39 (The "filing of this divorce action, with claims for child custody and spousal support, triggered the R.C. 2317.02(B)(1)(a)(iii) exception to the privilege for communications that relate causally or historically to physical or mental injuries relevant to issues in the divorce action"). The issue in this appeal is twofold: S.K. seeks to preclude P.K. from reviewing the discovery material and, in addition, an order prohibiting dissemination of the medical records to third parties not retained or employed by counsel.

{¶ 6} S.K. has not demonstrated good cause for imposing a protection order precluding P.K. from reviewing evidence relevant and material to S.K.'s claims. In fact, no case authority was provided to justify such a specific request. *See State v. Quarterman*, 2014-Ohio-4034, ¶ 19, citing *State v. Bodyke*, 2010-Ohio-2424, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part) (the parties, not an appellate court, bear the burden of advancing and supporting an argument with

citations to legal authority and facts in the record). Litigants in general have a right to review the evidence deemed relevant to the claims in any pending action to assist in preparation of the case. *See* Civ.R. 26(B)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.") "In determining whether to grant a protective order, a trial court must balance the competing interests to be served by allowing discovery to proceed against the harm which may result." *Alpha Benefits Agency v. King Ins. Agency*, 731 N.E.2d 1209 (8th Dist. 1999), citing *Arnold v. Am. Natl. Red Cross*, 639 N.E.2d 484 (8th Dist. 1994). General privacy concerns cannot override a plaintiff's limited waiver of the privilege that occurs through making their medical records relevant to proceedings. In this case, S.K. made the medical records requested relevant by sharing those with her expert. P.K. is entitled to review that material in preparation for trial.

{¶ 7} P.K.'s appellate argument focuses solely on the relevance of the material sought but is silent as to the dissemination of materials outside the orbits of this litigation. *See Friedenberg*, 2020-Ohio-3345, at ¶ 39 (affirming the trial court's procedure of conducting an in camera review of the materials and after determining the materials relevant, releasing those materials subject to a protective order). The medical records requested are relevant and material. In light of the sensitive nature of the documents to be produced, the complete denial of the protective order was in error. Without a protective order, parties to a lawsuit are generally permitted to disseminate discovered materials to whom they wish. *See, e.g., Byrd v. U.S. Xpress*, 2014-Ohio-5733, ¶ 22 (1st Dist.), citing *Jepson Inc. v.*

*Makita Elec. Works, Ltd., 3*0 F.3d 854, 858 (7th Cir. 1994). We recognize that general proposition does not fully apply to medical records produced in the course of litigation based on the limited nature of the waiver of the physician-patient privilege. In *Hageman v. Southwest Gen. Health Ctr.*, 2008-Ohio-3343, paragraph one of the syllabus, for example, the Ohio Supreme Court held that "[a]n attorney may be liable to an opposing party for the unauthorized disclosure of that party's medical information that was obtained through litigation." Notwithstanding, given the limitations placed on the dissemination of personal and confidential medical records obtained for the purpose of litigation based on the limited waiver by a patient for the purposes of litigation, the expeditious course of action is to explicitly preclude dissemination of those records beyond the case and parties when that limitation is requested through a protective order. This step simply eliminates any confusion as to the scope of the waiver at issue and applies to preclude P.K. from using any of the records beyond the litigation, in part quelling S.K.'s stated concern.

{¶ 8} The domestic relations court erred by not granting a protective order to limit the dissemination of the medical records to anyone other than the parties and their counsel of record, or any experts or professionals retained by counsel in preparation for trial. In light of the lack of objection to that request, the protective order should have been granted in part. Notwithstanding, the trial court did not err by denying S.K.'s request to preclude P.K. from reviewing the discovery material to assist in preparation of the case.

**{¶ 9}** Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR